UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALMAGUER, JR.,<br><br>       Plaintiff,<br><br>   v.<br><br>K. NIXON, et al.,<br><br>       Defendants. | No.  1:24-cv-00399 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING SUMMARY DISMISSAL OF COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S OBJECTIONS DUE **MAY 23, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's complaint and his showing of cause related to his failure to exhaust administrative remedies.  ECF Nos. 1, 10 (complaint; showing of cause, respectively).  For the reasons stated below, the undersigned will recommend that this matter be summarily dismissed for failure to exhaust.

I.     BACKGROUND

   A. The Complaint

Plaintiff is an inmate at North Kern State Prison ("NKSP").  ECF No. 1 at 1.  His

1

complaint names several employees at NKSP as Defendants in this action. See id. at 1, 3. The claims generally stem from Defendants allegedly giving him incorrect medication on March 6, 2024, and/or their failure to properly respond to the error. See generally id. at 3, 5-6.

Plaintiff seeks injunctive relief in the form of staff training, and the firing, reprimand and/or pay cut for certain Defendants. ECF No. 1 at 8. He also seeks compensatory damages in the amount of $250,000.00. Id.

B. Date of Filing

Although the events of which Plaintiff contends constituted violations of his constitutional rights occurred on March 6, 2024, (see ECF No. 1 at 2-3, 5) (date Plaintiff states his rights were violated), it was on March 23, 2024, that Plaintiff filed the instant complaint.[1] See ECF No. 1 at 10 (signature date on complaint). In the complaint, Plaintiff states that there is a grievance procedure at NKSP, but that he has not completed it. Id. at 2. He provides no excuse for not having completed the administrative grievance process. See generally id. He simply states that prison officials have yet to respond to his grievance. Id.

C. Order to Show Cause

The short period of time between the incident of Defendants allegedly giving Plaintiff incorrect medication – March 6, 2024, – and the time Plaintiff filed the instant complaint – March 20, 2024, – as well as the fact that Plaintiff stated in the complaint that he had yet to exhaust administrative remedies, led the Court to order Plaintiff to show cause why the matter should not be summarily dismissed for failure to exhaust. See ECF No. 9. The order was issued on April 8, 2024.

On April 26, 2024, Plaintiff's showing of cause was docketed. ECF No. 10. The Court considers its contents herein.

II. PLAINTIFF'S SHOWING OF CAUSE

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Plaintiff's showing of cause, he argues that the form of appeal one is required to submit depends on the kind of grievance one has, e.g., ADA, mental health, and health care.  ECF No. 10 at 2.  He further contends that the appeal requirements are not applicable in his case because a health care grievance "is only recognized as a medical staff complaint for 'excessive force' . . . or 'sexual misconduct,' and [it] applies to medical care issues[,] but [it] does not cover [his] specific issue."  ECF No. 10 at 2 (brackets added).  Citing to Ross v. Blake, 578 U.S. 632 (2016), Plaintiff argues that because the grievance form available to him does not cover the type of medical staff misconduct he experienced, the Court should find that the administrative remedy of exhaustion is unavailable to him because "it operates as a simple dead end in [ ] [his] specific circumstances."  ECF No. 10 at 3 (brackets added) (internal quotation marks omitted).

Plaintiff requests in the alternative that if the Court does not follow Ross, it should grant him an additional sixty-day extension of time to complete the exhaustion process.  ECF No. 10 at 2-3.  He contends that the grant of an extension of time will enable him to show that the grievance process at NKSP is, in effect, a "dead end" remedy.[2]  Id. at 3 (internal quotation marks omitted).

### III.   APPLICABLE LAW:  THE EXHAUSTION REQUIREMENT

#### A.  The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S.

---

[2] In support of this request, Plaintiff states that a health care grievance filed on a 602-HC form only has two levels of review.  ECF No. 10 at 3.  The first level, Plaintiff contends, has a forty-five-day time limitation for processing and return to the inmate.  Id.  The second level of review, Plaintiff further contends, takes sixty days to process and return.  Id.  Given these processing times, Plaintiff argues that granting him a sixty-day extension of time will enable him to exhaust and will provide support for his "dead end" remedy argument.  Id.

199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, "a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading." Jones, 549 U.S. at 215. Exhaustion is not a jurisdictional requirement for bringing an action. See Woodford, 548 U.S. at 101.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross, 578 U.S. at 642 (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

B. <u>California Regulations Governing Exhaustion of Administrative Remedies</u>

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. <u>Woodford</u>, 548 U.S. at 90. The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested. "The California prison grievance system has two levels of review. <u>See</u> Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively). An inmate exhausts administrative remedies by obtaining a decision at each level." <u>Reyes v. Smith</u>, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) (repealed); <u>Harvey v. Jordan</u>, 605 F.3d 681, 683 (9th Cir. 2010)).

IV.   DISCUSSION

The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." <u>Albino</u>, 747 F.3d at 1171 (quoting <u>Woodford</u>, 548 U.S. at 85).

To the extent that Plaintiff argues that 602 HC grievance forms did not cover his specific issue (<u>see</u> ECF No. 10 at 2) – e.g., that he was given incorrect medication – and that for this reason going through the appeals process was effectively a dead end-- this argument is without merit. The idea that prisons must provide grievance forms for every type of varying set of facts would not only be impractical in practice, but it is also untrue. Courts have clearly and consistently stated that prisoners do not have a separate constitutional entitlement to a specific prison grievance procedure. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)); <u>Hernandez v. Cate</u>, 918 F. Supp. 2d 987, 1009-10 (C.D. Cal. 2013).

To the extent that Plaintiff argues that health care grievances – i.e., 602 HC forms – only

1 have two levels of review (see ECF No. 10 at 3), he is correct.[3]  Currently, state codes provide for

2 only two levels of review for health care grievances:  an institutional level and a headquarters

3 level.[4]  See Cal. Code Regs. tit. 15, § 3999.226(a)(1).  Health care grievances are subject to the

4 headquarters level of disposition before an inmate's administrative remedies are deemed

5 exhausted.  Id. at 3999.226(g).

6 These facts, however, do not help Plaintiff as Plaintiff clearly states both in the complaint

7 and in the showing of cause that prior to filing the instant complaint he had not exhausted his

8 administrative remedies at the two levels.  See ECF No. 1 at 2; ECF No. 10 at 3-4 (complaint and

9 showing of cause stating same, respectively).

10 Given that exhaustion is a necessary requirement prior to bringing a complaint,  Plaintiff's

11 failure to do so requires that this matter be summarily dismissed.  The Court has no other choice.

12 See 42 U.S.C. § 1997e(a) (exhaustion requirement); McKinney v. Carey, 311 F.3d 1198, 1199

13 (9th Cir. 2002) (per curiam) (citation omitted) (stating exhaustion requirement is mandatory).

14 "Exhaustion is no longer left to the discretion of the . . . court, but is mandatory."  Woodford, 548

15 U.S. at 85 (citation omitted); Jackson v. Fong, 870 F.3d 928, 933 n.2 (9th Cir. 2017) (quoting

16 Woodford, 548 U.S. at 93).

17 For these reasons, Plaintiff's showing of cause why this matter should not be dismissed is

18 unpersuasive.  Therefore, the undersigned will recommend that Plaintiff's complaint be

19 summarily dismissed for failure to exhaust administrative remedies prior to filing it in this Court.

20 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

21 District Judge to this action.

22 IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED for

23

---

[3] Accordingly, the Court's statement in its order to show cause which asserted a three-level-review requirement (see ECF No. 9 at 4) is incorrect.

[4] Additionally, with respect to standard 602 form grievances, they also have only two levels of review: a grievance level, and an appeals level.  See Cal. Code Regs. tit. 15, §§ 3481(a); 3483; 3485; Stone v. Robinson, No. 1:19-cv-00703 DAD HBK, 2021 WL 4355607, at *5 (E.D. Cal. Sept. 24, 2021) (stating same).  The completion of the review process by the Office of Appeals which results in specific listed decisions in the code constitutes the exhaustion of all administrative remedies.  See Cal. Code Regs. tit. 15, § 3485(l)(1).

failure to exhaust administrative remedies prior to filing it in federal court.  See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – **by May 23, 2024**, – Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2024**                              /s/ Gary S. Austin
                                                              UNITED STATES MAGISTRATE JUDGE